UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────X
ROBERTO AGUIRRE,                                              Case No.: 2776/09 [ERK][RER]

                            Plaintiff,

                  -against-

LUNA N.Y. CAFE CORP., d/b/a WINEGASM,
RICHARD HUGUENOT and LARIS PEZZULICH,

                           Defendants.
───────────────────────────────────────────X


**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT AND TO DISMISS THE ACTION**


JUSTINE CLARE MORAN ESQ.
3112 38th Street
Astoria, NY 11103
(718) 274-6910


Attorneys for Defendants
Luna N.Y. Cafe Corp. d/b/a Winegasm,
Richard Huguenot and Laris Pezzulich


Of counsel:  Justine Clare Moran

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES …………………………………………………………. ii

PRELIMINARY STATEMENT …...................................................................... 1

STATEMENT OF FACTS ……………………………………….................... 1

ARGUMENT

    I.    APPLICABLE STANDARDS ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS........................................................... 2

    II.    SUMMARY JUDGMENT IS APPROPRIATE AS THIS COURT LACKS SUBJECT MATTER JURISDICTION OF THIS ACTION........................................... 3

        A.    Defendant Winegasm Is Not An "Enterprise" As That Term Is Defined Under The Fair Labor Standards Act............................................. 3

        B.    Plaintiff Was Not Employed In Commerce................................................................... 4

    III.    THE COMPLAINT SHOULD BE DISMISSED UNDER FRCP 12(B)(1) AND (6) …............................................ 5

    IV.    THE COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION.................. 6

CONCLUSION …………………………………………………………………… 7

## **TABLE OF AUTHORITIES**

**Case Law**                                                                                      **Page**

*Acosta v. Yale Club,*
1995 U.S. Dist. LEXIS 14881,
1995 WL 600873 (SDNY 1995)..................................................................      6

*Anderson v. Liberty Lobby Inc.*,
477 U.S. 242, 91 L.Ed.2d 202,
106 S. Ct. 2505 (1986) …………………………………………………….      2

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544,127 S.Ct. 1955,
167 L.Ed. 2D 929 (2007)..............................................................................      3, 5

*Celotex Corp. v. Catrett,*
477 U.S. 317, 91 L.Ed.2d 265,
106 S.Ct. 2548 (1986) …...............................................................................      2

*Chambers v. Time Warner, Inc.,*
282 F.3d 147 (2d. Cir. 2002) …....................................................................      3

*First Nationwide Bank v. Gelt Funding Corp.,*
27 F.3d 763 (2d Cir. 1994) …........................................................................      3

*Giordano v. City of New York,*
274 F.3d 740 (2d Cir. 2001) …......................................................................      2

*Gregory v. Daly,*
243 F.3d 687 (2d Cir. 2001) …......................................................................      3

*Howley v. Town Of Stratford,*
217 F.3d 141 (2d Cir. 2000) …......................................................................      2

*Iqbal v. Hasty,*
490 F.3d 143 (2d Cir. 2007) …......................................................................      3, 5

*Jeffreys v. City of New York,*
426 F.3d 549, 554 (2d. Cir. 2005) …............................................................      2

*Lipton v. Nature Co.,*
71 F.3d 464, 469 (2d Cir. 1995) …...............................................................      2

*Xelo v. Mavros,*
2005 U.S. Dist. LEXIS 21588
(E.D.N.Y. 2005) ...........................................................................................      4

*Zhong v. August August Corp.,*
498 F. Supp. 2d 625
(S.D.N.Y. 2007) ….................................................................................	5, 6

**Statutes**

28 U.S.C §1367(c) …..............................................................................	6

29 U.S.C.S. §201 et seq. …....................................................................	3

29 U.S.C.S.  §216(b) …..........................................................................	6

29 U.S.C.S. §203(s)(1)(A)(ii)..................................................................	3

Federal Rules of Civil Procedure Rule 8(a)(3) …...................................	5, 6

Federal Rules of Civil Procedure Rule 12(b)(1) …................................	1, 5

Federal Rules of Civil Procedure Rule 12(b)(6).....................................	1, 5

Federal Rules of Civil Procedure Rule 56(b)……………………….......	1, 2

PRELIMINARY STATEMENT

Defendants Luna N.Y. Cafe Corp. d/b/a Winegasm, Richard Huguenot and Laris Pezzulich, (collectively "Defendants"), submit respectfully this memorandum of law in support of defendants' motion pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 56(b) and Rule 12(b)(1) and 12(b)(6), for summary judgment dismissing the complaint herein, dated June 29, 2009 and filed June 30, 2009 (the "Complaint"). This court lacks subject matter jurisdiction as: Defendant Winegasm is not an "enterprise" as that term is defined in the Fair Labor Standards Act ("FLSA"); and plaintiff Roberto Aguirre ("Plaintiff") was not employed "in commerce" as that term is defined under the FLSA.  Further, plaintiff has failed to meet the required standards under his FLSA and related New York law claims for pleading underpayment of wages, failure to pay additional compensation for days he worked more than ten hours and failure to pay overtime.  Defendants submit respectfully that on these facts the complaint should be dismissed and the Court should decline to exercise supplemental jurisdiction over the State law claims in the event they are not dismissed.

STATEMENT OF FACTS

Defendant Luna N.Y. Cafe Corp. d/b/a Winegasm (hereinafter "Winegasm") is a domestic corporation which owns and operates a small local bar and restaurant in Astoria, New York. Winegasm is a relatively new business which opened in March 2008. Defendants Richard Huguenot and Laris Pezzulich are employees, managers and part owners of Winegasm.

As attested by the Declaration of Richard Huguenot dated September 9, 2009 ("Huguenot Declaration"), and in particular Exhibit B thereto, the gross annual sales receipts for Winegasm's first year of business in 2008 totaled $296,275.00.

Plaintiff concedes that he was employed by Winegasm as a "food service employee," (Complaint paragraph 1). Plaintiff had no responsibility for banking, financial matters or for shipping goods interstate during his employment at Winegasm, (Huguenot Declaration, paragraph 5). Winegasm is a small local business at a single location which does not operate as a wholesaler (Huguenot Declaration, paragraph 4, Exhibit C).

The Court is referred respectfully to the Defendants' Statement of Material Facts As To Which There Exist No Genuine Issues to Be Tried and to the Huguenot Declaration and exhibits, for a full statement of the facts pertinent to this motion.

ARGUMENT

I.

APPLICABLE STANDARDS ON
MOTION FOR SUMMARY JUDGMENT
AND MOTION TO DISMISS

Granting a motion for summary judgment pursuant to F.R.C.P. Rule 56 is appropriate where there is no genuine issue as to a material fact; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); Lipton v. Nature Co., 71 F.3d 464, 469 (2d Cir. 1995). A fact is material when "it might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). The Court must view the facts and draw any inferences in the light most favorable to the party opposing the motion, Howley v. Town Of Stratford, 217 F.3d 141,150-151(2d Cir. 2000), however the party opposing bears the burden of proving that a genuine issue requiring trial exists, Celotex, 477 U.S. At 322-23. Mere speculation or conjecture is not sufficient to defeat a summary judgment motion, Jeffreys v. City of New York, 426 F.3d 549, 554 (2d. Cir. 2005); Giordano v. City of New York, 274 F.3d 740, 749-50 (2d Cir. 2001).

In reviewing a motion to dismiss pursuant to FRCP Rule 12, the Court accepts the allegations of the pleading as true, <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147,152 (2d. Cir. 2002)(citing <u>Gregory v. Daly</u>, 243 F.3d 687,691 (2d Cir. 2001)). The Court should not dismiss if the factual allegations of the Complaint "raise a right to belief above the speculative level," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 127 S.Ct. 1955,1965, 167 L.Ed. 2D 929 (2007); however mere "conclusions of law or unwarranted deductions of fact" need not be accepted, <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F.3d 763, 771 (2d Cir. 1994). A complaint must plead enough facts to state a claim that is "plausible on its face," <u>Bell Atlantic</u>, *id.*, which "obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible," <u>Iqbal v. Hasty</u>, 490 F.3d 143,157-58 (2d Cir. 2007).

II.

SUMMARY JUDGMENT IS APPROPRIATE
AS THIS COURT LACKS SUBJECT
<u>MATTER JURISDICTION OF THIS ACTION</u>

A. Defendant Winegasm Is Not
An "Enterprise"
As That Term Is Defined Under
<u>The Fair Labor Standards Act</u>

Plaintiff has invoked the Court's federal question jurisdiction by bringing claims under the FLSA, 29 U.S.C.S. §201 et seq.. In order for the FLSA to be applicable to plaintiff's claims, he must have been employed by an enterprise engaged in commerce or in the production of goods for commerce, whose annual gross volume of sales made or business done is not less than $500,000.00, 29 U.S.C.S. §203(s)(1)(A)(ii). As demonstrated by the federal tax return annexed as Exhibit B to the Huguenot Declaration, Winegasm's gross annual sales receipts fall more than

$200,000.00 below this threshold, Huguenot Declaration paragraph 3, Exhibit B. Federal tax returns are competent proof and as Winegasm "did not have gross sales or business of $500,000.00, it is not an FLSA enterprise," therefore summary judgment should be granted with respect to plaintiff's FLSA claims, Xelo v. Mavros, 2005 U.S. Dist. LEXIS 21588 at *12 (E.D.N.Y. 2005).

B.  Plaintiff Was Not Employed In Commerce

As detailed in the Huguenot Declaration, Winegasm is a small local bar and restaurant with room for only forty-two patrons inside, Huguenot Declaration paragraphs 3-4, Exhibit C. Richard Huguenot attests that Winegasm is not a wholesaler, does not have any other locations and is in the business of providing liquor and prepared food to local customers, Huguenot Declaration paragraph 4. Plaintiff concedes that he was employed by Winegasm as a "food service employee," Complaint paragraph 1. Richard Huguenot confirms that Plaintiff had no responsibility for banking or financial matters and was responsible only for the service of customers.

In Xelo, id. at *16, which similarly involved FLSA claims by a food service employee, this Court held that the defendant "was a local operation and that plaintiff, through his work there, was not 'engaged in commerce or in the production of goods for commerce' under the FLSA." This Court reasoned that handling goods which may have been shipped interstate, such as foodstuffs, did not invoke the protection of the FLSA which was specifically limited to a particular class of employees who worked in interstate commerce, such as employees of wholesalers, Xelo id at *12-16. The court specifically rejected plaintiff's assertion that because he occasionally did banking, delivered to large companies and handled foodstuffs which

originated outside New York, he was employed "in commerce." Here, plaintiff has not alleged any facts which support his contentions, instead relying on bare references to statutory definitions, without anything more, see Complaint paragraphs 47 through 49.

III.

THE COMPLAINT SHOULD BE
DISMISSED UNDER F.R.C.P. 12(B)(1) AND (6)

As explained in detail above, as plaintiff is not a covered employee under the FLSA, this Court does not have subject matter jurisdiction of this action and the complaint should be dismissed under F.R.C.P. 12(b)(1).  Defendants submit respectfully that plaintiff's rote references to statutory definitions in paragraphs 47 through 49 of the Complaint are insufficient to render plaintiff's claim that a small, forty-two seater restaurant is engaged in commerce in any way plausible,  Bell Atlantic 550 U.S. at 545; Iqbal 490 F.3d at157-58. Plaintiff has plead no facts supporting this extraordinary assertion.

Moreover,  the Complaint contains no allegations of the amount of the hourly wage plaintiff was paid, the degree to which it his wages allegedly failed to meet the minimum standard, or even the number of hours he worked for which he is claiming additional compensation, see Complaint paragraphs 1, 2, 41, 53, 64. It is well settled that "the complaint should, at least approximately, allege the hours worked for which these [minimum] wages were not received," Zhong v. August August Corp., 498 F. Supp. 2D 625, 628 (S.D.N.Y. 2007). Although pleadings are to be liberally interpreted for the purposes of a motion to dismiss, F.R.C.P. 8(a)(3) has a minimum requirement that a complaint contain "a demand for judgment for the relief the pleader seeks."

Similarly, plaintiff does not sufficiently state how much overtime and "spread of hours"

pay was unpaid, see Complaint paragraphs 1, 2, 4, 41, 57, 71, 75. "Simply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of the FLSA." Acosta v. Yale Club, 1995 U.S. Dist. LEXIS 14881, 1995 WL 600873 (SDNY 1995). This failure to assert facts to support the overtime claim also fails to satisfy FRCP 8(a)(3).

Moreover, despite a reference to "this Class Action Complaint," Complaint paragraph 51, plaintiff has failed to plead an action "on behalf of other employees similarly situated," FLSA §216(b) as, in so pleading, the court requires "a modest factual showing sufficient to demonstrate that they and potential plaintiffs... were victims of a common policy or plan that violated the law" Zhong, 498 F. Supp. at 630-31(citation omitted). No such showing is present herein.

As a similar modest factual showing is required to plead the supplemental New York State Labor Law claims, these claims likewise fail and should be dismissed.

IV.

THE COURT SHOULD DECLINE
TO EXERCISE ITS SUPPLEMENTAL JURISDICTION

In the alternative, Defendants submit respectfully that as the FLSA claims are subject to dismissal for the reasons detailed above, this Court "may decline to exercise supplemental jurisdiction over a [supplemental] state claim if ...the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C §1367(c). Such dismissal would not necessarily preclude plaintiff from pursuing any viable claims he may have in the appropriate venue, the Supreme Court of the State of New York, so he would not be unduly prejudiced.

CONCLUSION

For all the foregoing reasons, defendants Luna N.Y. Cafe Corp. d/b/a Winegasm, Richard Huguenot and Laris Pezzulich submit respectfully that their motion for summary judgment and to dismiss the Complaint should be granted in its entirety and that this Court should grant such other and further relief as it deems just and proper.

Dated: Queens, New York
      September 11, 2009

                                  Yours etc.,

                                  JUSTINE CLARE MORAN ESQ.

                                  By:_____/s/_____
                                      Justine Clare Moran (JM 2547)

                                  3112 38th Street
                                  Astoria, NY 11103
                                  (718) 274-6910

                                  Attorneys for Defendants
                                  Luna N.Y. Cafe Corp. d/b/a Winegasm,
                                  Richard Huguenot and Laris Pezzulich